GLENN D. POMERANTZ (State Bar No. 112503)
glenn.pomerantz@mto.com
ROSE LEDA EHLER (State Bar No. 296523)
rose.ehler@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

KELLY M. KLAUS (State Bar No. 161091)
kelly.klaus@mto.com
CAROLYN HOECKER LUEDTKE (State Bar No. 207976)
carolyn.luedtke@mto.com
STEPHANIE GOLDFARB HERRERA (State Bar No. 313887)
stephanie.herrera@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DISNEY ENTERPRISES, INC., BUENA VISTA HOME ENTERTAINMENT, INC., LUCASFILM LTD. LLC, and MVL FILM FINANCE LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>REDBOX AUTOMATED RETAIL, LLC,<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT, BREACH OF CONTRACT, TORTIOUS INTERFERENCE WITH CONTRACT, FALSE ADVERTISING, AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Disney Enterprises, Inc., Buena Vista Home Entertainment, Inc., Lucasfilm Ltd. LLC, and MVL Film Finance LLC (collectively, "Plaintiffs") bring this Complaint against Redbox Automated Retail, LLC ("Redbox") for infringing Plaintiffs' exclusive rights under the Copyright Act (17 U.S.C. § 101 *et seq*.), breach of contract, tortious interference with contract, false advertising (Cal. Bus. & Prof. Code § 17500 *et seq*.), and unfair competition (*id.* § 17200 *et seq*.). This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367(a), and 17 U.S.C. § 501(b). Plaintiffs allege on personal knowledge as to themselves, and information and belief as to others, as follows:

## INTRODUCTION

1. Redbox operates a movie and video-game rental business. Redbox rents physical DVDs and Blu-ray discs through self-service kiosks located at grocery stores and other retail establishments.

2. Redbox recently began illegally selling Plaintiffs' digital movie codes ("Codes") to Redbox customers in blatant disregard of clear prohibitions against doing so and in violation of Plaintiffs' copyrights.

3. Plaintiffs sell Codes as part of combination packages ("Combo Packs") that include a Blu-ray disc, a DVD, and a Code. The outside packaging is clearly marked: "Codes are not for sale or transfer."



**Figure 1: Outside (Back) Package of Combo Pack**

4. Redbox buys and disassembles the Combo Packs, then rents the discs through its kiosks and sells the Codes separately in violation of this prohibition. In addition, Redbox sells the Codes with the intent that its customers download or otherwise access the motion pictures to which the Codes provide access, with full knowledge that doing so violates the terms and conditions of Plaintiffs' copyright licenses governing that access.

5. Plaintiffs bring this action to stop Redbox's unlawful conduct.

## THE PARTIES

6. Plaintiff Disney Enterprises, Inc. ("Disney") is a corporation duly incorporated under the laws of the State of Delaware with its principal place of business in Burbank, California.

7. Plaintiff Buena Vista Home Entertainment, Inc. ("BVHE") is a corporation duly incorporated under the laws of the State of California with its principal place of business in Burbank, California.

8. Plaintiff Lucasfilm Ltd. LLC ("Lucasfilm") is a limited liability company formed under the laws of the State of California with its principal place of business in San Francisco, California.

9. Plaintiff MVL Film Finance LLC ("Marvel") is a limited liability company formed under the laws of the State of Delaware with its principal place of business in Burbank, California.

10. Plaintiffs Disney, Lucasfilm, and Marvel own the copyrights in the motion pictures and television programs that they or their affiliates produce and distribute (the "Copyrighted Works"). The Copyright Office has issued Certificates of Copyright Registration for the Copyrighted Works. Exhibit A includes a representative list of Copyrighted Works, along with their corresponding Certificate of Copyright Registration numbers, that are the subject of Plaintiffs' claims.

11. Defendant Redbox is a limited liability company formed under the laws of the State of Delaware with its principal place of business at One Tower Lane, Suite 900, Oakbrook Terrace, Illinois 60181. Redbox has established and maintains kiosk locations throughout this District and the State of California from which it sells the Codes. Redbox also makes Codes available for sale online to consumers located in California.

**JURISDICTION AND VENUE**

12. This Court has subject matter jurisdiction over Plaintiffs' copyright infringement claims pursuant to 28 U.S.C. §§ 1331, 1338(a) and 17 U.S.C. § 501(b).

13. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

14. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a).

## BACKGROUND FACTS

**Plaintiffs and Their Copyrighted Works**

15. Plaintiffs or their affiliates own, produce, and distribute some of the most popular and critically acclaimed motion pictures in the world.

    a. Well-known feature-length motion pictures in which Disney holds the copyrights include: *Pirates of the Caribbean: Dead Men Tell No Tales* (2017), *Beauty and the Beast* (2017), *Finding Dory* (2016), *The Jungle Book* (2016), *Moana* (2016), *Inside Out* (2015), and *Frozen* (2013).

    b. Well-known feature-length motion pictures in which Lucasfilm holds the copyrights include: *Rogue One: A Star Wars Story* (2016) and *Star Wars: Episode VII – The Force Awakens* (2015).

    c. Well-known feature-length motion pictures in which Marvel holds the copyrights include: *Doctor Strange* (2017), *Guardians of the Galaxy Vol. 2* (2017), and *Iron Man 3* (2013).

16. Redbox currently engages in the unauthorized sale of Codes for all of the foregoing titles, and other Copyrighted Works, both online and at its physical kiosks.

17. Plaintiffs or their affiliates own or have the exclusive U.S. rights (among others) to reproduce and distribute the Copyrighted Works.

18. Plaintiffs or their affiliates distribute the Copyrighted Works in various formats and through multiple distribution channels, including: for exhibition in theaters; through cable and direct-to-home satellite services (including basic, premium, "pay-per-view," and video-on-demand services); through licensed digital services; and through physical copies on Blu-ray discs and DVDs.

19. Consumers can access Plaintiffs' digital content through the ReedeemDigitalMovie.com website, the Movies Anywhere service, or other websites hosted by Plaintiffs or their affiliates. These sites provide online portals

through which consumers with authorization to do so are permitted to redeem Codes for access to the underlying motion picture.

**Plaintiffs' Combo Packs and Digital Movie Codes**

20. Plaintiffs' Combo Packs are single retail units that contain three separate consumer offerings bundled together: a Blu-ray disc containing a copy of the work; a DVD containing a copy of the work; and a Code, which the purchaser of the Combo Pack can redeem through authorized online services.

21. Combo Packs are sold at a discount from the price that a consumer would pay separately to purchase the individual discs and obtain an authorized digital copy. Plaintiffs offer Codes as part of the Combo Packs as a way of providing consumers who typically utilize physical playback media with access to the online entertainment ecosystem. The discounted aggregate price is also an incentive for consumers to upgrade to the purchase of Combo Packs instead of a single disc package or digital download.

22. Combo Packs are sold subject to terms and conditions that govern both the purchase and use of the included offerings. One such term, stated twice on the outside of the Combo Pack packaging, states: "Codes are not for sale or transfer."

23. The Code is printed on an insert included with the Combo Pack. The insert provides instructions for redeeming the Code to download or access a digital stream of the motion picture. A consumer can redeem a Code through RedeemDigitalMovie.com, the Movies Anywhere service, or, in some cases, through other authorized services. The bottom of the insert states again that "Codes are not for sale or transfer."



**Figure 2: Digital Movie Code Insert**

24. Before redeeming the Code through RedeemDigitalMovie.com, an individual must agree to the following by entering the Code and clicking "Redeem": "By redeeming a digital code, you represent that you are the owner of the physical product that accompanied the digital code at the time of purchase. The redemption of a digital code sold or transferred separate from the original physical product is prohibited. To read all applicable terms and conditions, click here."



**Figure 3: RedeemDigitalMovie.com Condition**
https://redeemdigitalmovie.com/

25. The additional terms and conditions include the following:

All digital movie codes are owned by Buena Vista Home Entertainment, Inc. and you may use such digital movie codes only as specifically authorized under these terms and conditions. The sale, distribution, purchase or transfer of digital movie codes outside of the methods set forth in these terms and conditions is unauthorized. Buena

COMPLAINT
CASE NO. ____

> Vista Home Entertainment, Inc. reserves the right to invalidate any digital movie codes it suspects have been sold, distributed, purchased or transferred in a manner inconsistent with these terms and conditions. In addition, Buena Vista Home Entertainment, Inc. will have the right to take appropriate legal action, in its sole discretion.

**Figure 4: Terms and Conditions for RedeemDigitalMovie.com**

Consumers must agree to these terms and conditions when entering Codes and before streaming or downloading the content.

26. The Movies Anywhere service is likewise subject to terms of use, which provide the following regarding redemption of Codes:

> <u>Digital Copy Code Redemption.</u> You can enter authorized, unexpired, valid, and unused Digital Copy codes from a Digital Copy enabled and Movies Anywhere-eligible physical product that is owned by you in the "Redeem" section of the Movies Anywhere Service. . . . You will not transfer, sell or rent (or offer to transfer, sell or rent) any Digital Copy codes. . . . The sale, distribution, purchase or transfer of Digital Copy codes outside of the methods set forth in such terms and conditions is strictly prohibited.

Consumers cannot access or use Movies Anywhere without creating an account, which requires them to click a box acknowledging that they have read and agree to the terms of use.

**Redbox's Unlawful Resale of Codes**

27. Redbox purchases and disassembles Combo Packs, separating the Codes from the physical discs. Redbox rents or sells the discs through its kiosks. Redbox separately *re*-packages the Code insert—that states "Codes are not for sale or transfer"—into a Redbox case for resale.



**Figure 5: Redbox Re-packaging of Digital Movie Codes**

28. Redbox sells these Codes through its retail kiosks as well as online (to be picked up at a nearby Redbox kiosk). Redbox markets its offering of the Codes as "cheap," a "Smart buy," and a low-price alternative to authorized digital services. Redbox does so to attract customers who would otherwise purchase a Combo Pack or licensed digital offering through an authorized distributor.



**Figure 6: Redbox Website**
http://redbox.com/

29. Redbox knows the terms and conditions that govern use of the Codes, including the express prohibition that appears twice on the outside of the packaging (and again on the inside packaging containing the Code): "Codes are not for sale or transfer."

30. Redbox does not tell its customers that the Codes were sold as part of a Combo Pack; that the Codes may not be resold or transferred; that a customer who purchases a Code separate from the rest of the Combo Pack does not have authorization to redeem the Code, or to download or otherwise access a copy of the Copyrighted Work; or that BVHE has the right to invalidate any Code it suspects has been sold, distributed, purchased, or transferred in a manner inconsistent with the governing terms and conditions.

31. Redbox knows that Plaintiffs' digital content licenses are subject to terms of use. This is a practice that Redbox itself follows. When Redbox offers online programs and services, its customers must create an account and agree to Redbox's terms of use. Redbox knows that the online redemption of Codes and the use of services like RedeemDigitalMovie.com and Movies Anywhere also are subject to terms of use. And, Redbox knows from the language on the outside

-9-

packaging of Combo Packs that terms and conditions apply to the redemption of Codes. Redbox has knowledge of the RedeemDigitalMovie.com and Movies Anywhere terms of use either because Redbox read those terms of use before starting to sell the Codes or because Redbox willfully blinded itself to those terms of use.

**Redbox's Conduct Causes Immediate and Irreparable Harm**

32. If not enjoined, Redbox's continued unlawful conduct will harm Plaintiffs' relationships with its authorized distributors and retailers. Because Redbox resells Codes without authorization and in violation of the terms of the contract, Redbox significantly undercuts the prices offered by licensed services for accessing the Copyrighted Works online. Redbox's conduct interferes with, among other things, Plaintiffs' goodwill with those licensees and ability to negotiate with licensees.

33. Redbox's illegal conduct will continue to undermine Plaintiffs' relationships with its customers. Redbox markets its sale of the Codes to its customers as a legitimate and lawful alternative to purchasing digital access through authorized online services. Redbox misleads customers into believing that they are entering into authorized transactions when they redeem Codes and induces those customers to download digital copies of titles when Redbox knows those customers have no legal authorization or right to do so. Redbox's illegal conduct threatens to confuse and frustrate customers regarding the authorized use of Codes.

**FIRST CAUSE OF ACTION**

**(Disney, Lucasfilm, and Marvel:**

**Contributory Copyright Infringement, 17 U.S.C. §106)**

34. Plaintiffs incorporate herein by reference each and every averment contained in paragraphs 1 through 33 inclusive.

35. When Redbox's customers download Copyrighted Works using a Code purchased from Redbox, they do so without authorization and in violation of Plaintiffs' exclusive rights under copyright, including the right of reproduction.

36. Redbox is contributorily liable for copyright infringement because it (a) has knowledge that its customers will be reproducing the Copyrighted Works without authorization when they use the Codes to download copies of those works, and (b) induces, encourages, or materially contributes to the violation of Plaintiffs' rights through its unlawful resale of the Codes.

37. Redbox's acts of infringement are willful, in disregard of, and done with indifference to Plaintiffs' rights.

38. As a direct and proximate result of the infringements for which Redbox is responsible, Plaintiffs are entitled to damages and Redbox's profits in amounts to be proven at trial.

39. Alternatively, at their election, Plaintiffs are entitled to statutory damages, up to the maximum amount of $150,000 per statutory award, by virtue of Redbox's willful infringement, or for such other amounts as may be proper under 17 U.S.C. § 504.

40. Plaintiffs are further entitled to recover their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

41. As a direct and proximate result of the foregoing acts and conduct, Plaintiffs are threatened with continuing substantial, immediate, and irreparable injury for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Redbox will continue to infringe Plaintiffs' rights in their Copyrighted Works. Plaintiffs are entitled to injunctive relief under 17 U.S.C. § 502.

## SECOND CAUSE OF ACTION

## (BVHE:

## Breach of Contract)

42. Plaintiffs incorporate herein by reference each and every averment contained in paragraphs 1 through 41 inclusive.

43. Redbox enters into a contract with BVHE when it purchases Combo Packs. That contract prohibits "sale or transfer" of the Codes.

44. BVHE has performed its obligations under the contract.

45. Redbox has breached the contract by reselling the Codes to its customers.

46. Redbox's breach causes Plaintiffs to suffer damages and threatens them with continuing substantial, immediate, and irreparable injury.

47. Plaintiffs are entitled to specific performance and an injunction restraining Redbox from continuing to violate the terms of the contract because there is no adequate legal remedy, Cal. Civ. Code § 3366 *et seq*.

## THIRD CAUSE OF ACTION

## (BVHE:

## Tortious Interference with Plaintiffs' Contracts with Customers)

48. Plaintiffs incorporate herein by reference each and every averment contained in paragraphs 1 through 47 inclusive.

49. BVHE has valid contracts with customers through the RedeemDigitalMovie.com terms of service. These contracts prohibit the redemption of Codes by customers who do not own the accompanying physical product sold as part of the Combo Pack.

50. Redbox at all relevant times has known of these contracts.

51. Redbox intentionally induced and is continuing to induce breach and disruption of these contractual relationships between BVHE and customers by selling Codes disassembled from the Combo Packs that cannot be redeemed

-12-

without violating the terms and conditions of the RedeemDigitalMovie.com terms of service.

52. Plaintiffs are damaged by Redbox's interference with their relationships with their customers as well as lost sales; and are threatened with continuing substantial, immediate, and irreparable injury for which there is no adequate remedy at law, thereby entitling Plaintiffs to injunctive relief.

53. Redbox's actions were done with malice, oppression, and fraud and in wanton disregard for Plaintiffs' rights. Plaintiffs are therefore entitled to punitive damages, under California Civil Code § 3294, to punish Redbox for its conduct and to deter it from engaging in similar conduct in the future.

## FOURTH CAUSE OF ACTION

### (All Plaintiffs:

### Violation of the False Advertising Law, Cal. Bus. & Prof. Code § 17500)

54. Plaintiffs incorporate herein by reference each and every averment contained in paragraphs 1 through 53 inclusive.

55. California Business and Professions Code § 17500 *et seq*., prohibits false advertising, i.e., untrue or misleading statements with the intent to induce members of the public to enter into a transaction.

56. Redbox knowingly disseminates false and misleading information by not disclosing to consumers that the Codes may only be redeemed by the owner of the physical product sold as part of the Combo Pack. Redbox deceives customers into believing that the Codes that Redbox sells grant those customers authorized access to a digital copy of the motion picture, when they do not.

57. Plaintiffs are entitled to injunctive relief and restitution pursuant to California Business and Professions Code § 17535.

## FIFTH CAUSE OF ACTION

## (All Plaintiffs:

## Violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200)

58. Plaintiffs incorporate herein by reference each and every averment contained in paragraphs 1 through 57 inclusive.

59. California Business and Professions Code § 17200 *et seq*. ("UCL"), prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

60. Redbox engages in conduct that violates the UCL by, as further explained in paragraphs 1 through 57 inclusive, competing in the marketplace on unfair terms by engaging in unlawful conduct and misleading its customers into believing that their purchase of the illegally re-packaged and resold Codes grants those customers authorized access to a digital copy of the motion picture.

61. This conduct is "unlawful" because it constitutes tortious interference with contracts and false advertising under Cal. Bus. & Prof. Code § 17500.

62. This conduct is "unfair" because (a) it is contrary to legislatively declared policies, including the policies expressed and embodied in Cal. Bus. & Prof. Code § 17500; and (b) the impact of the conduct on Plaintiffs, when weighed against Redbox's reasons, motivations, and justifications for such conduct, establish that the conduct is unfair.

63. This conduct is "fraudulent" in that it is likely to deceive customers into believing they have purchased a Code that grants them authorized access to a digital copy of a Copyrighted Work, when in fact customers are only authorized to use a Code if they have purchased the accompanying physical product as part of the Combo Pack.

64. Plaintiffs have lost and will continue to lose sales as a direct result of Redbox's unlawful, unfair, and fraudulent conduct.

65. Plaintiffs are entitled to injunctive relief and restitution pursuant to California Business and Professions Code § 17203.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Redbox for the following relief:

1. For preliminary and permanent injunctions enjoining Redbox and all persons acting in concert or participation with it, from reselling Codes; from infringing in any manner, directly or indirectly, any copyrighted work owned or controlled by Plaintiffs or their affiliates (including without limitation any Copyrighted Work); from breaching the terms of Redbox's contracts with any Plaintiff; from interfering with any Plaintiff's contracts with customers; from disseminating false and misleading information regarding Codes; and from unlawfully, unfairly, or fraudulently competing by reselling Codes.

2. For Plaintiffs' damages and Redbox's profits in such amount as may be found; alternatively, at Plaintiffs' election, for maximum statutory damages; or for such other amounts as may be proper pursuant to 17 U.S.C. § 504(c).

3. For Plaintiffs' damages and restitution to the fullest extent allowed pursuant to the common law and Cal. Bus. & Prof. Code § 17203.

4. For an award of punitive damages pursuant to Cal. Civ. Code § 3294.

5. For prejudgment interest pursuant to Cal. Civ. Code § 3287.

6. For Plaintiffs' attorneys' fees and full costs incurred in this action pursuant to 17 U.S.C. § 505 and Cal. Civ. Code §1021.5.

7. For all such further and additional relief, in law or in equity, to which Plaintiffs may be entitled or which the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all issues triable by jury.

DATED:  November 30, 2017                MUNGER, TOLLES & OLSON LLP


By:    */s/ Kelly M. Klaus*
          KELLY M. KLAUS

Attorneys for Plaintiffs

# EXHIBIT A

# Complaint Exhibit A

| Plaintiff | Title | U.S. Copyright Reg. Number |
|---|---|---|
| Disney Enterprises, Inc. | Alice Through the Looking Glass | PA 1-991-651 |
| Disney Enterprises, Inc. | Beauty and the Beast (2017) | PA 2-031-209 |
| Disney Enterprises, Inc. | Cars 3 | PA 2-048-714 |
| Disney Enterprises, Inc. | Finding Dory | PA 1-994-819 |
| Disney Enterprises, Inc. | Frozen | PA 1-871-077 |
| Disney Enterprises, Inc. | Inside Out | PA 1-949-250 |
| Disney Enterprises, Inc. | Jungle Book, The (2016) | PA 1-988-129 |
| Disney Enterprises, Inc. | Lone Ranger, The | PA 1-848-181 |
| Disney Enterprises, Inc. | Maleficent | PA 1-899-203 |
| Disney Enterprises, Inc. | Moana | PA 2-012-015 |
| Disney Enterprises, Inc. | Muppets Most Wanted | PA 1-887-658 |
| Disney Enterprises, Inc. | Oz the Great and Powerful | PA 1-830-872 |
| Disney Enterprises, Inc. | Pirates of the Caribbean: Dead Men Tell No Tales | PA 2-045-629 |
| Disney Enterprises, Inc. | Planes | PA 1-856-767 |
| Disney Enterprises, Inc. | Planes: Fire & Rescue | PA 1-907-149 |
| Lucasfilm Ltd. LLC | Star Wars: Episode VII – The Force Awakens | PA 1-975-592 |
| Lucasfilm Ltd. LLC | Rogue One: A Star Wars Story | PA 2-016-306 |
| MVL Film Finance, LLC | Doctor Strange | PA 2-008-618 |
| MVL Film Finance, LLC | Guardians of the Galaxy Vol. 2 | PA 2-033-904 |
| MVL Film Finance, LLC | Iron Man 3 | PA 1-836-301 |