**ROBINS KAPLAN LLP**
Roman M. Silberfeld (SBN 62783)
RSilberfeld@RobinsKaplan.com
Breton A. Bocchieri (SBN 119459)
BBocchieri@RobinsKaplan.com
Michael A. Geibelson (SBN 179970)
MGeibelson@RobinsKaplan.com
Daniel L. Allender (SBN 264651)
DAllender@RobinsKaplan.com
2049 Century Park East, Suite 3400
Los Angeles, CA 90067
Telephone: (310) 552–0130
Facsimile:  (310) 229–5800

**AXINN VELTROP & HARKRIDER LLP**
Michael L. Keeley (*admitted pro hac vice*)
mkeeley@axinn.com
Rachel Johanna Adcox (*admitted pro hac vice*)
radcox@axinn.com
Jarod G. Taylor (*admitted pro hac vice*)
jtaylor@axinn.com
90 State House Square
Hartford, CT 06103
Telephone: (860) 275–8109
Facsimile:  (860) 275–8101

*Attorneys for Defendant*
REDBOX AUTOMATED RETAIL, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DISNEY ENTERPRISES, INC., *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>REDBOX AUTOMATED RETAIL, LLC,<br><br>Defendant. | Case No. 2:17-cv-08655 - DDP (AGRx)<br>*Hon. Dean D. Pregerson*<br><br>**DEFENDANT REDBOX AUTOMATED RETAIL, LLC'S ANSWER TO FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint filed: November 30, 2017<br>FAC Filed: April 9, 2018<br>Trial Date:       Not Set |

Defendant Redbox Automated Retail LLC ("Redbox") answers and responds to the First Amended Complaint filed by Plaintiffs Disney Enterprises, Inc., Lucasfilm Ltd. LLC, and MVL Film Finance LLC (collectively, "Plaintiffs") as stated below. Except for those matters specifically admitted, each and every allegation in the First Amended Complaint is denied.

## INTRODUCTION

1. Redbox denies the allegations in this paragraph.

2. Redbox denies the allegations in this paragraph.

## PARTIES

3. Redbox is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph but does not deny that Disney Enterprises, Inc. is a corporation organized under the laws of Delaware with a principal place of business in Burbank, California.

4. Redbox is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph but does not deny that Lucasfilm Ltd. LLC is a limited liability company organized under the laws of California with a principal place of business in San Francisco, California.

5. Redbox is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph but does not deny that MVL Film Finance LLC is a limited liability company organized under the laws of Delaware with a principal place of business in Burbank, California.

6. Redbox is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies each and every allegation. To the extent that Exhibit A contains any additional allegations, those allegations are denied.

7. Redbox admits that it is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Illinois, that

it has established and maintains multiple warehouses in the State of California to service several Redbox-identified markets within the State and that it has field staff who have purchased Combo Packs among other media. All other allegations in this paragraph are denied.

**JURISDICTION AND VENUE**

8. Redbox does not dispute that the Court has subject matter jurisdiction over the claims as they have been alleged by Plaintiffs.

9. Redbox does not dispute that venue is proper in this District.

**BACKGROUND FACTS**

10. Redbox is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph beyond those matters set forth in the public record, and on that basis denies each and every allegation in this paragraph.

11. Redbox is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies each and every allegation in this paragraph.

12. Redbox admits that the Copyrighted Works are disseminated in various formats and through multiple channels, including: for exhibition in theaters; through cable and direct-to-home satellite services (including basic, premium, "pay-per-view," and video-on-demand services); through licensed digital services; and through physical copies on DVD, Blu-ray, and/or 4K/UHD discs. Redbox is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis denies each and every allegation in this paragraph.

13. Redbox admits that "[c]onsumers can access Plaintiffs' digital content through, among other licensed providers, the RedeemDigitalMovie.com website and the Movies Anywhere service." Redbox denies the remaining allegations in

this paragraph.

14. Redbox admits that "Combo Packs generally contain copies of a movie on DVD, Blu-Ray and/or 4K/UHD discs, as well as a Code…" Redbox denies each and every other allegation in this paragraph.

15. Redbox admits that consumers can sometimes purchase Combo Packs for a lower price than they would pay to purchase the individual discs separately, or than they would pay to purchase individual discs and licensed online access separately. Redbox is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis denies each and every allegation in this paragraph.

16. Redbox admits that "Combo Packs enable consumers to enjoy content in different formats and multiple locations: Blu-ray, for example, offers high-definition resolution and is popular for home viewing; DVDs can be watched on portable or in-vehicle DVD players during travel; and the Code offer can be redeemed for licensed digital access to a movie that can be viewed on mobile devices or downloaded for offline playback." Redbox is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis denies each and every allegation in this paragraph.

17. Redbox is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies each and every allegation in this paragraph.

18. Redbox admits that Codes are alphanumeric character strings printed on paper inserts contained in some Combo Packs. Redbox denies each and every remaining allegation in this paragraph.

19. Redbox admits that the insert containing the Code provides information, which differs between titles. Except as so admitted, the remaining allegations of this paragraph are denied.

20. This paragraph presents a legal conclusion. To the extent a response is

required, Redbox denies the allegations in this paragraph.

21. This paragraph presents a legal conclusion. To the extent a response is required, Redbox denies the allegations in this paragraph.

22. This paragraph presents a legal conclusion. To the extent a response is required, Redbox denies the allegations in this paragraph.

23. This paragraph presents a legal conclusion. To the extent a response is required, Redbox denies the allegations in this paragraph.

24. This paragraph presents a legal conclusion. To the extent a response is required, Redbox denies the allegations in this paragraph.

25. This paragraph presents a legal conclusion. To the extent a response is required, Redbox denies the allegations in this paragraph.

26. This paragraph presents a legal conclusion. To the extent a response is required, Redbox denies the allegations in this paragraph.

27. Redbox admits that it has purchased physical discs and then rented and sold those discs through its kiosks in exercise of its rights pursuant to the First Sale Doctrine. The remaining allegations of this paragraph, if any, are denied.

28. Redbox admits that it has obtained millions of physical discs containing copies of Plaintiffs' movies through the purchase of Combo Packs. Except as so admitted, the allegations of this paragraph are denied.

29. Redbox admits that it removes the discs from the package and rents or sells the discs through its kiosks, and that "plaintiffs do not challenge Redbox's practice of renting or selling the physical discs contained in Combo Packs." Except as so admitted, the allegations of this paragraph are denied.

30. Redbox admits that "Starting in late 2017, Redbox began removing Codes from their original Combo Pack packaging, placing Codes into Redbox-branded 'jewel' cases, and offering the Codes for sale to the public," but denies the allegation to the extent it is intended to imply that Redbox has continuously offered Codes for sale to the public since "starting [doing so] in late 2017." Except as so

admitted, the allegations of this paragraph are denied.

31. Redbox denies each and every allegation in this paragraph.

32. This paragraph states a legal conclusion, to which no response is required. Redbox denies each and every allegation in this paragraph.

33. This paragraph states a legal conclusion, to which no response is required. Redbox denies each and every allegation in this paragraph.

34. Redbox denies each and every allegation in this paragraph.

35. Redbox denies each and every allegation in this paragraph.

36. Redbox denies each and every allegation in this paragraph.

37. Redbox denies each and every allegation in this paragraph.

38. Redbox denies each and every allegation in this paragraph.

## FIRST CAUSE OF ACTION

39. Redbox incorporates and restates it responses to each of the foregoing paragraphs as if fully set forth.

40. This paragraph presents a legal conclusion. To the extent a response is required, Redbox denies the allegations in this paragraph.

41. Redbox denies each and every allegation in this paragraph.

42. Redbox denies each and every allegation in this paragraph.

43. Redbox denies each and every allegation in this paragraph.

44. Redbox denies each and every allegation in this paragraph.

45. Redbox denies each and every allegation in this paragraph.

46. Redbox denies each and every allegation in this paragraph.

## DENIAL OF PLAINTIFFS' PRAYER FOR RELIEF

Redbox denies that Plaintiffs are entitled to any relief and denies each and every allegation stated in Plaintiffs' Prayer for Relief.

## AFFIRMATIVE DEFENSES

1. The First Amended Complaint fails to state a claim on which relief can

be granted.

2. The Court lacks subject matter jurisdiction over the claim including because no case or controversy exists, and Plaintiffs' claim is moot and not ripe.

3. Plaintiffs' first cause of action is barred by the doctrine of copyright misuse/abuse.

4. Plaintiffs' first cause of action is barred due to their deceptive and misleading advertising in connection with the distribution of all alleged works.

5. Plaintiffs' first cause of action is barred by the first sale doctrine.

6. Plaintiffs' first cause of action is barred by an implied license.

7. Plaintiffs' first cause of action is barred by an express license.

8. Plaintiffs' first cause of action is barred by unclean hands.

9. Plaintiffs' first cause of action is barred by estoppel.

10. Plaintiffs' first cause of action is barred by Plaintiffs' authorization and/or assent to Redbox's conduct.

11. Plaintiffs are not entitled to relief because the Codes are not copyrighted.

12. The license alleged in Plaintiffs' first cause of action is invalid, lacks consideration, lacks mutual assent, is unenforceable and constitutes an illegal and unenforceable contract.

13. The license alleged in Plaintiffs' first cause of action is unconscionable.

14. Plaintiffs' requested relief constitutes an unconstitutional penalty.

15. Plaintiffs' first cause of action is barred by the Fair Use Doctrine.

16. Redbox's conduct was innocent, non-infringing, and not a willful infringement of copyright.

17. Any alleged infringement is barred by the statutes of limitations as set forth in section 507 of the Copyright Act, 17 U.S.C. §507, and as set forth in California Civil Code §339(1).

18. Plaintiffs have failed to register one or more of the works alleged in the First Amended Complaint and are thus not permitted to file suit or maintain this action.

19. Plaintiffs have waived their rights to claim copyright infringement.

20. Plaintiffs acquiesced in any alleged copyright infringement.

21. Redbox expressly reserves the right to amend or supplement this statement of its affirmative defenses as additional investigation is completed, information is learned, and discovery is undertaken.

## DEFENDANT REDBOX'S PRAYER FOR RELIEF

**WHEREFORE**, Redbox prays this Honorable Court grant it the following relief:

1. For dismissal of Plaintiffs' action with prejudice;

2. For an order that Plaintiffs' shall take no relief from their First Amended Complaint;

3. For an award awarding Redbox its costs and attorney's fees; and

4. For such further and other relief that that the Court deems fair and just.

DATED: August 15, 2019   **ROBINS KAPLAN LLP**

By: /s/ *Michael A. Geibelson*
      Michael A. Geibelson

**ATTORNEYS FOR DEFENDANT REDBOX AUTOMATED RETAIL, LLC**

## DEMAND FOR JURY TRIAL

Defendant Redbox demands a trial by jury of all issues triable by a jury.

DATED: August 15, 2019      **ROBINS KAPLAN LLP**

By: /s/ *Michael A. Geibelson*
        Michael A. Geibelson

**ATTORNEYS FOR DEFENDANT
REDBOX AUTOMATED RETAIL, LLC**